IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20717
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

IGOR LONGO,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-53
- - - - - - - - - -
May 30, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit

PER CURIAM:[*]

    Igor Longo argues that the district court misapplied the guidelines in determining his base offense level under U.S.S.G. § 2K2.1 because that sentencing guideline is not applicable to his offense of conviction.

    We have reviewed the record, including the transcript of the sentencing hearing, the presentence report, and the briefs, and find that the sentence imposed should be affirmed.

    Longo was charged with the receipt of an explosive with the knowledge and intent that it would be used unlawfully to damage

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

and destroy real property.  Longo's plea agreement reflected that, had his case gone to trial, the Government would have proved that Longo purchased the component parts of a pipe bomb, which had exploded in a concrete trash receptacle.  Longo acknowledged that these facts were true at his rearraignment.  Thus, Longo's offense of conviction involved a bomb, which is defined as a destructive device under the guidelines.  See § 1B1.1, comment. (n.k).  The district court correctly relied on the commentary following § 2K1.3, which directed it to apply § 2K2.1 in determining Longo's base offense level.

AFFIRMED.